UNITED STATES of America, Plaintiff,

v.

Timothy James McVEIGH and Terry Lynn Nichols, Defendants.

Criminal Action No. 96–CR–68–M.

United States District Court,
D. Colorado.

Feb. 14, 1997.

**MEMORANDUM OPINION AND ORDER ON MOTIONS TO SUPPRESS TESTIMONY IN MANNING DEPOSITION**

MATSCH, Chief Judge.

This memorandum opinion addresses the issues raised in the following pleadings: docket entries 2589, 2761, 2806, 2810, 2837 and 2871.

■ Due to health concerns, the trial testimony of Thomas Manning was taken at a court-ordered deposition on November 7, 1996. The witness testified about the sale of an automobile to Timothy McVeigh on April 14, 1995, at the Firestone dealership in Junction City, Kansas. During direct examination, government counsel Larry Mackey asked Mr. Manning whether Mr. McVeigh was gone from the store at any time during the business transaction. Mr. Manning testified that Mr. McVeigh left while the vehicle was being serviced and that he returned ten or fifteen minutes later.

This witness was first interviewed by FBI agents on April 22, 1995. He was interviewed again on April 23 and 25, 1995, and contacted several more times by FBI agents. Copies of the agent reports of those interviews and contacts were given to defense counsel. These reports do not include any statement about Mr. McVeigh's leaving and returning. On cross-examination by defense counsel at his deposition, Mr. Manning acknowledged that he had not provided this information in those prior interviews and during his other meetings with FBI agents. He said that he first revealed this information when Mr. Mackey specifically asked this question during his interview in preparation for the deposition. Mr. Manning testified that neither the FBI nor defense investigators ever asked him whether Mr. McVeigh left and returned. The cross-examiners pursued the matter and questioned whether Mr. Manning had been shown any documents or told anything to suggest that he make this addition to his earlier statements. Mr. Manning responded negatively.

In the summer of 1995, the FBI obtained telephone records which may support a suggestion that Mr. McVeigh may have been at a different location in Junction City on the

---

Patrick Ryan, U.S. Attorney for the Western District of Oklahoma, Oklahoma City, OK, Joseph Hartzler, Special Assistant U.S. Attorney, Assigned from S.D. Illinois, Denver, CO, for plaintiff.

Stephen Jones, Richard H. Burr, III, Robert Nigh, Jr., Jones, Wyatt & Roberts, Enid, OK, Jeralyn E. Merritt, Denver, CO, for defendant McVeigh.

Michael Tigar, Ronald G. Woods, N. Reid Neureiter, Denver, CO, for defendant Nichols.

morning of April 14, 1995, at about the same time Mr. Manning said he was dealing with the defendant at the Firestone store. The agents did not ask Mr. Manning about the possibility that Mr. McVeigh left and returned to the dealership even though they had later meetings with Mr. Manning. According to the witness, he told Mr. Mackey about Mr. McVeigh's temporary absence during the preparatory interview only because that specific question was asked and he had not previously mentioned it because he did not think it had any importance. Mr. Mackey did not inform defense counsel about this addition to the information attributed to Mr. Manning in the FBI 302 reports before asking the question on direct examination of the witness during the deposition. Government counsel considered this addition to Mr. Manning's statements to be inculpatory as to both defendants in the context of inferences drawn from the telephone records and other circumstances.

The defendants' lawyers argue that there has been an "evolution" in Mr. Manning's testimony, suggesting that it has been influenced by repeated questioning by FBI agents and Mr. Mackey. They pursued that possibility in their cross-examinations during the Manning deposition. The witness denied being shown anything or told anything about the possible importance to the government's theory of the case of Mr. McVeigh's departure and return to the tire store on the morning of April 14. When asked why he did not include this information in his interviews by defense investigators, Mr. Manning said he did not think it was important.

The defendants seek to suppress Mr. Manning's testimony about Mr. McVeigh leaving and returning as a remedy for claimed violations of the Jencks Act, 18 U.S.C. § 3500, and the due process duty of disclosure under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The parties have submitted briefs on these motions. A hearing was held on January 9, 1997, and supplemental filings were submitted. The court has read the full transcript of Mr. Manning's deposition, which remains sealed because it is trial testimony.

The court has provided guidance about the scope and application of the *Brady* doctrine in the Memorandum Opinion and Order on Timothy McVeigh's Motions to Compel Discovery entered January 28, 1997. *United States v. McVeigh*, 1997 WL 40980 (D.Colo. Jan. 28, 1997). There, and in the course of earlier hearings, the court observed that when a witness adds some important detail to his earlier statements, there is a possibility that the additional statement may constitute *Brady* material. Doubts must be resolved in favor of disclosure.

There was no *Brady* violation in this particular instance. On its face, Mr. Manning's additional statement is not exculpatory. It could be considered exculpatory or impeaching if there were indications his recollection had been influenced or affected by something other than his own sensory perceptions. *United States v. McVeigh*, 1997 WL 40980 at *2. That has not been shown in this record.

■ Even if it is assumed that Mr. Mackey had a *Brady* duty to inform the defense lawyers about his question and Mr. Manning's response that Mr. McVeigh was gone for ten or fifteen minutes, there would be no reason to suppress the testimony because the matter was disclosed in Mr. Mackey's direct examination and it was adequately explored in the cross-examinations of this witness. Defense counsel suggest that they may have been more effective on cross-examination if they had known of this added recollection before the deposition. They offer no specifics as to what they would have done differently. Perhaps their questions might have been phrased differently; but, there is nothing to indicate that earlier notice would have altered the outcome of this deposition. The jury will have an adequate opportunity to judge the credibility of Mr. Manning.

■ The defense requests the production of Mr. Mackey's notes of his preparatory interviews with Thomas Manning. Mr. Mackey would be required to produce them under *Brady* if they contained any showing of an improper influence, including suggestive questioning. Mr. Manning was asked and denied that Mr. Mackey did anything impermissible to elicit this testimony. The notes would be producible under the Jencks

Act only if they were shown to and affirmed or adopted by the witness in whole or in part. Government counsel assured that the notes were not so adopted and there is no reason to distrust that assurance.

Pursuant to these findings and conclusions, it is

ORDERED that the motions filed by Mr. McVeigh to suppress testimony and for disclosure of notes, joined by Mr. Nichols, are denied. Rulings on the additional requests made by Mr. Nichols in Docket Entry No. 2810 are reserved.